2004 OK 70

**STATE of Oklahoma ex rel. OKLAHOMA BAR ASSOCIATION, Complainant,**

v.

**Steven Randall JUNG, Respondent.**

**No. SCBD 4931.**

Supreme Court of Oklahoma.

Sept. 13, 2004.

### ORDER APPROVING RESIGNATION FROM OKLAHOMA BAR ASSOCIATION PENDING DISCIPLINARY PROCEEDINGS

¶1 Upon consideration of the complainant's, Oklahoma Bar Association (Bar Association), application for an order approving the resignation of the respondent, Steven Randall Jung (Jung/attorney), pending disciplinary proceedings, the application reveals:

1) On July 16, 2004, the respondent submitted his written affidavit of resignation from membership in the Bar Association pending investigation of a disciplinary proceeding.

2) The respondent's affidavit of resignation reflects that: a) it was freely and voluntarily rendered; b) he was not subject to coercion or duress; c) he was fully aware of the consequences of submitting the resignation; and d) he was aware the resignation was subject to this Court's approval but that he intended to treat it as effective from the date and time of its execution.

3) The respondent states in his affidavit of resignation that he is aware of a grievance filed against him with the Office of the General Counsel of the Oklahoma Bar Association. The grievance is based upon charges that the respondent neglected legal matters and made misrepresentations to clients. Rule 1.3, Rules Governing Disciplinary Proceedings, 5 O.S.2001, Ch. 1, App. 1–A; Rule 1.4, Rules Governing Disciplinary Proceedings; Rules 8.4(a) and (c), Oklahoma Rules of Professional Conduct, 5 O.S.2001 Ch. 1, App. 3–A.

4) The respondent waives any and all right to contest the allegations outlined in the affidavit.

5) The respondent's resignation pending disciplinary proceedings is in compliance with all of the requirements set forth in Rule 8.1, Rules Governing Disciplinary Proceedings, 5 O.S.2001, Ch. 1, App. 1–A, and it should be approved.

6) The official roster address of the respondent as shown by the Bar Association records is: 509 N.W. Expressway, Ste. 402, Oklahoma City, Oklahoma 73132.

7) No costs have been incurred by the Bar Association in the investigation of this matter.

8) The respondent acknowledges that his actions may result in claims against the Client Security Fund and agrees to reimburse the Fund for any disbursements made because of his actions.

¶2 IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that the resignation of STEVEN RANDALL JUNG, pending disciplinary proceedings, be approved.

¶3 IT IS FURTHER ORDERED, ADJUDGED, AND DECREED THAT the name of STEVEN RANDALL JUNG be stricken from the roll of attorneys. Because resignation pending disciplinary proceedings is tantamount to disbarment, the respondent may not make application for reinstatement prior to the expiration of five (5) years from the date of this order. Pursuant to Rule 9.1, Rules Governing Disciplinary Proceedings, 5 O.S.2001, Ch. 1, App. 1–A, the respondent shall notify all of his clients having legal business pending with him within twenty (20) days, by certified mail, of his inability to represent them and of the necessity for promptly retaining new counsel. Repayment to the Client Security Fund for any monies expended because of the malfeasance or nonfeasance of the respondent shall be a condition of the reinstatement.

¶4 DONE BY ORDER OF THE SUPREME COURT IN CONFERENCE THIS 13TH DAY OF SEPTEMBER 2004.

ALL JUSTICES CONCUR.